511 P.2d 1285

**Ed T. OLSEN, Plaintiff and Respondent,**

v.

**H. E. THOMAS, Defendant and Appellant.**

**No. 13019.**

Supreme Court of Utah.

July 3, 1973.

**4**

Ronald C. Barker, Salt Lake City, for defendant and appellant.

David E. Yocom, Salt Lake City, for plaintiff and respondent.

HENRIOD, Justice:

Appeal from a judgment on a promissory note, which Thomas says had been paid by a sort of conglomerate set of facts amounting to a payment in a fashion inconsistent with the note's written terms. Affirmed with costs to Olsen.

This case involves a somewhat complicated personal triumvirate of joint venturers seeking to buy, sell, lease or operate motels through a triumvirate of corporate personalities wanting in any clear-cut specificity as to what individual rights and obligations prevailed.

Olsen signed a note for $25,000 to a bank to initiate the venture in which defendant Thomas and one Parsons were to be interested, the last of whom died in an air crash.

However, Thomas and Parsons signed a $25,000 note payable to the plaintiff Olsen. The bank sued Olsen and obtained judgment on its note,—which Olsen paid. Olsen promptly sued Thomas to recoup. Then came the war and reconstruction period, and the trial court, after having before him an inordinately protracted record, decided for Olsen.

Counsel for Thomas apparently deserted,—not during the hostilities,—but after trial (other counsel handling the appeal), apparently because of the rule that on conflicting evidence, ordinarily we sustain the trial court unless it obviously acted with prejudice.

The upshot: We think the trial court should be affirmed. This, in face of the fact that substituted counsel,—not particeps in the trial,—suggests that "The court then badgered all witnesses and the attorneys" against Olsen.

The controversion in this case is such as to compel us to sustain the trial court judge who easily could have been driven to distraction by the confusion, ambiguity and controversion involved here. We think the trial court, as arbiter of the facts, hardly can be condemned in this case.

CALLISTER, C. J., and ELLETT, CROCKETT and TUCKETT, JJ., concur.